### JOEL M. GLOYD AND RICHARD WAITE v. CLARA M. ROFF ET AL.

EQUITY WILL DECLARE A TRUST CREATED BY A WILL, TERMINATED, WHEN.

Where a testator, by his will directed his executors to invest a specific fund, the income therefrom to be paid to the widow during her life and widowhood, and at her death the principal thereof to be paid to her two sons; and the sons, on both arriving at the age of maturity, executed under their hands and seals to the widow an assignment of all their interest and right in such fund, authorizing her thereby to receive, collect and use, and dispose of such fund in any manner she might see proper, there being no other parties having any interest in such fund: *Held*, a state of things having arisen not contemplated or provided for by the testator in his will, and the entire interest in the fund having vested in the widow, equity will declare the trust terminated and order the transfer of the fund over to her subject to the payment of all proper charges to the trustees.

ERROR to the Court of Common Pleas of Lucas county.

UPSON, J.

This is an action brought for the purpose of declaring terminated, or terminating, a trust created under the will of Chas. B. Roff. This will provided that the executors, who are Mr. Gloyd and Mr. Waite, should invest the most of the personal estate—all except the furniture, plate, glass, pictures, etc., which were to go to the wife—and that they should change the investments from time to time as they might think best to do, and conferred upon them most ample powers in regard to the investment. It says:

"The entire income arising from the investments of my personal estate I direct my executors to pay, as the same shall be realized, to my wife, Clara Manley Roff, until the oldest of my living children shall arrive at the age of 21 years, if she shall so long live and remain unmarried. From this income so paid to her she shall provide for the support, education and maintenance of my children, in a manner suited to their condition in life. The remainder thereof shall be for her use and benefit."

And the questions arising in this case depend upon the construction to be given to the trust created by the following clause of the will:

"On the arrival of my oldest living child at the age of twenty-one years, I direct my executors, if my wife shall be then living, and shall not have married after my death, to set apart $50,000 in value of the securities they may then have on hand, arising from the investments of my personal estate and considered by them the most desirable, and hold the same for her use and benefit, paying to her the income thereof so long as she shall live and remain unmarried."

The will then proceeds to dispose of the residue of the testator's estate; providing generally that upon the arrival of the oldest of the children at the age of twenty-five years, it should be divided as prescribed by the terms of the will.

The petition sets forth that the executors entered upon their trust created by the will; that the oldest child had arrived at the age of twenty-five years, and the youngest—there being but two children—at the age of majority, and that the only trust remaining to be performed was the trust relating to this $50,000, which was set apart as a fund, the income of which was to go to the wife during her life and widowhood. The petition then sets forth that no other persons excepting the plaintiffs, Frank E. Roff and Orfie M. Roff, had any interest in this fund of $50,000, except Clara M. Roff, the widow; that on the 11th day of March, 1885, the children executed under their hands and seals, and delivered to the said Clara M. Roff, an assignment of all their right, title and

interest in and to all the securities aforesaid remaining in the hands of said defendants as aforesaid, and thereby authorized the said Clara M. Roff to receive, collect and use and dispose of said securities or the fund arising therefrom in any manner she might see proper; and, on the 23d of March, 1885, the said Clara M. Roff demanded in writing of the said defendants that they deliver to her the said securities, which demand the defendants refused, and still refuse to comply with, but insist on retaining the said securities in their hands, and to manage them according to their judgment and discretion.

To this petition of Mrs. Roff and her two children a demurrer was interposd by the executors. The demurrer was oerruled, and upon the hearing of the case the court of common pleas determined that by reason of the facts set forth in the petition, this trust had terminated, and decreed that the executors should deliver the securities in their hands to Mrs. Roff. This petition in error is prosecuted for the purpose of reversing that judgment of the court of common pleas.

The claim upon the part of the executors is, that the trust has not been performed; that it is still their duty to retain these securities in their hands and change the investments from time to time, as at their discretion may seem best, and to pay over to Mrs. Roff the interest and income arising from this estate during her life, as provided by the will.

It is claimed upon the other hand that, in the first place, the whole estate —the whole beneficial estate—having vested in the widow by means of these assignments on the part of her children, she is now the only person interested in the fund, and that she has a right to control it herself. It is claimed that there has been what is called a merger—that the whole estate being vested in her, the trust is at an end. That term "merger" seems to us hardly applicable to a case of this kind; it is generally applied to real estate where the larger and the lesser estate became vested in the same person, the lesser estate is then said to have merged in the other. But here, by the terms of this trust, the legal title to these securities, and the control of them, is vested in the executors, and the executors have precisely the same title to the securities as they had before the assignments were made to Mrs. Roff by her children.

There have been other questions argued in the case, but we think the decision of the case must turn upon the question whether under the facts as they now exist, the trust authority is terminated by the full performance of it; or, in the next place, whether, under the circumstances of the case, a court of equity has a right to direct a termination of the trust, and if so, whether the facts in this case are such as to give the exercise of that power.

There are two cases in which a trust may be terminated; it may be terminated upon the accomplishment of the trust—when the trustees have performed all their duties and distributed the fund as directed, the tust is at an end. We are not able to come to the conclusion that in this case the trust has itself terminated; and, upon that point, we differ with the court of common pleas in the conclusion at which it arrived. We think the duties of the trustees were not terminated by the mere fact that the interests of the children had been transferred by them to their mother, and that unless some other action had been taken, it would have been the right and the duty of these executors under their trust to continue to manage that fund and to dispose of its income as provided by the terms of the will.

In the next place, although a trust may not have ceased by expiration of it, and although all its purposes may not have been accomplished, a court of equity may decree the termination of the trust and a distribution of the trust fund among those entitled to it. The question to be determined is whether really, under the facts of this case, it is proper that a court of equity should decree a determination of this trust, and the delivery of these securities to Mrs. Roff. Ordinarily, where the parties are *sui juris*—where the beneficiaries of the trust are not married women, with the rights only which married women had before

the enactment of the recent law—for that language would hardly be applicable to married women at this time so frequently found in books relative to the jurisdiction of courts of equity—but if they were infant beneficiaries, or under any disability so they could not properly manage the property, or even if it was shown by the proof that there was a personal unfitness to take care of the property, so that the design of the testator would be frustrated if the property should be delivered over to the *cestui que trust*, then a court of equity should not decree a termination of the trust. But in this case it is not shown —or at least there is no proof to show—that Mrs. Roff is not entirely competent to manage her own property. Her children, who are her natural advisers and who have arrived at mature age, have transferred to her their interest in this fund of $50,000, for the purpose of enabling her to enjoy, not only the income, but the principal itself, and we think it must be presumed by the court that she is entirely competent to manage her own property; to take care of her own interests.

A state of things has risen which the testator did not contemplate, or at least has not provided for in his will, and that is that she should become the absolute owner of this fund of $50,000. It is to be considered that if the court should refuse to terminate this trust it would prevent her from using property to which she is entitled, and it may be largely her interest to do so instead of being confined simply to the income. Upon the examination of the terms of this will we remark that the testator had great confidence in the integrity and ability of the executors to manage his property; but at the same time we do not think that furnishes a sufficient reason for refusing to permit her to enjoy her own property in the manner in which she and her children think would be the greatest benefit to her. The question has been considered by the supreme court of this state in a case which, while differing some in the facts, yet seems to be precisely the same in principle—the case of Levi Taylor and wife v. The Executors of Jacob Huber, deceased, et al., 13 O. S., 288. There the testator by his will directed the executors to invest a specific fund, the interest to be paid annually to S., the widow of his deceased son, during her life, and at her death the principal thereof to be paid to her two sons, L. and D., and L. and D. died without issue, leaving no brother or sister either of the whole or half blood, and leaving no debts, whereby the principal of said fund descended to S. as their next of kin. *Held:* "The trust in the hands of the executors having failed by the occurrence of a contingency not provided for by the will, and the entire beneficial interest in the fund having vested in S., equity will decree its payment directly to her without the expense and delay of successive administrations."

Now, the facts, so far as they are material in the two cases, are almost precisely alike. The income was to be paid only to the widow during her life, and at her death the principal to be paid to her two sons. They died, and she became entitled to the principal, thus being entitled to both the principal and the interest, and the court holds that the trust in the hands of the executors having failed by the occurrence of a contingency not provided for by the will, as in this case the trust fails by a contingency not provided for, that is by the assignment of the children —which had the same effect as the death of the two children in the case which I am now calling attention to—and the court of equity decreed payment to her directly of the trust fund.

In that case it was claimed on the part of the executors of the estate, that under the provisions of the will they had the right to retain the fund until the death of the widow; that what she had inherited, though then payable to her heirs, should never reach her at all. The court says: "We cannot accede to either of these claims. Although a course of successive administrations and distributions would be regular at law, there is here no occasion for it, the children having left no debts to be paid or adjusted, and it would be dilatory and expensive."

The court entered a decree and ordered the executors to deliver to the plaintiff the securities in their hands subject to any just and proper charges in their favor, which they had incurred in its administration.

We hold that under the circumstances of this case a similiar decree should be entered in this case. The judgment of the court of common pleas should be modified so far as not to find that the trust itself terminated by the assignment to Mrs. Roff, and a decree should be entered terminating the trust and providing for the transfer of this fund, or the securities representing it, to Mrs. Roff, subject, however, to the payment of such charges as may be proper to the executors; and, under the circumstances, we think the costs in the case should be paid out of the trust fund; we think the executors were fully justified in submitting this case to our decision.

The entry will be: Judgment of common pleas modified, see journal.

Richard Waite, for the executors.

Harvey Scribner, for Mrs. Roff.